UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATHERINE R. ARNOLD                                                   PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 3:15CV607-TSL-RHW

CAROLYN W. COLVIN
Acting Commissioner of Social Security                                      DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Katherin R. Arnold appeals from the Commissioner's denial of her application for disability insurance benefits and supplemental security income. Arnold alleges disability from severe back pain, a rod in her back, scoliosis, and arthritis. Doc. [8] at 168. She alleges an onset date of February 1, 2010. *Id.* Arnold was 43 years old when she filed her application for benefits. *Id.* at 142. She has completed some college and has past relevant work as a switchboard operator, office manager, and clerk. *Id.* at 31-32, 40, 182-89. Arnold's claim was denied at the initial level and on reconsideration. *Id.* at 43-68. She requested a hearing before an administrative law judge (ALJ). *Id.* at 10. The ALJ conducted a hearing on January 8, 2014, where Arnold and a vocational expert testified. *Id.* at 28-42.

The ALJ issued a decision finding that Arnold was not disabled. Doc. [8] at 22. In his decision, the ALJ found that Arnold had severe impairments of thoracic spine scoliosis and lumbar spine degenerative disc disease. *Id.* at 17-18. The ALJ also found that Arnold had the residual functional capacity (RFC) to perform light work, except that she could not climb ladders, ropes and scaffolds. *Id.* at 19. The ALJ further found that Arnold should only occasionally stoop, crouch, crawl, and kneel. *Id.* The ALJ concluded that Arnold could perform

her past relevant work as switchboard operator, office manager, and clerk. *Id.* at 21. Accordingly, he found Arnold to be not disabled. *Id.* at 22.

The Appeals Council denied Arnold's request for review of the ALJ's decision. *Id.* at 5-9. Arnold filed the instant complaint seeking review of the Commissioner's decision. Arnold has filed a brief raising the following issues: (1) whether the ALJ's RFC assessment is based on correct legal standards and supported by substantial evidence; and (2) whether the ALJ's determination that Arnold is capable of performing her past relevant work is based on the correct legal standards and supported by substantial evidence. Doc. [9]. Also before the Court is the Commissioner's motion to affirm. Doc. [10].

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues *de novo*, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision."

*Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**(1) RFC Assessment**

Arnold argues that the ALJ erred in his RFC assessment. Her argument consists of two sub-parts. First, she argues that the ALJ did not give proper weight to radiological examinations conducted in January 2013 at the request of Dr. Latonya Turner. Second, she asserts that the ALJ erred because he did not conduct a function-by-function analysis as required by Social Security Ruling 96-8p.

With respect to the 2013 radiological exam, Plaintiff argues that it showed significant changes when compared to the radiological examination from 2010. Arnold also argues that Dr. Turner had the opportunity to interview and examine Arnold, contrary to the ALJ's finding. Arnold further argues that the 2013 radiological examination is more recent medical evidence and that it is consistent with Arnold's allegations of physical impairments. According to Arnold, if the ALJ had properly weighed the 2013 radiological evidence, he would have determined that Arnold's statements regarding symptoms would be entirely credible. Ultimately, she asserts that the 2013 radiological examination reports provide a basis for finding limitations greater than those determined by the ALJ.

The undersigned finds that substantial evidence supports the ALJ's conclusion that Arnold is capable of performing light work. In arriving at his RFC assessment, the ALJ relied on the opinion of Dr. Sonya Clemmons, who conducted a consultative examination and opined that Arnold should not have any significant functional limitations in the areas of sitting, walking, lifting or carrying. Doc. [8] at 20 & 275-78. The ALJ also relied on the opinion of Dr. Andrew Yates, who likewise conducted a consultative examination. *Id.* at 20-21. Dr. Yates opined that Arnold would not have much limitation in the use of her back and should be able to walk, stand,

or sit without much difficulty.  *Id.* at 279-80.  The ALJ further found that Arnold's description of her daily activities are not limited to the extent one would expect given her complaints of disabling symptoms.  *Id.* at 20.  For example, Arnold told Dr. Clemmons that she was able to perform light household chores and small tasks.  *Id.*  The ALJ noted that Arnold has not received the type of medical treatment one would expect from a totally disabled person.  *Id.*  He found that there is little medical evidence in the file and few visits to the treating physician.  *Id.*  Moreover, the ALJ found that during the consultative examinations, Arnold exhibited normal range of motion, gait, strength, and sensory.  *Id.*  Nor has Arnold taken any narcotic based pain relieving medication for her pain.  *Id.*

   Arnold argues that the ALJ erred in finding that none of the physicians had an opportunity to meet or interview her.  The undersigned finds this argument to be without merit.  The ALJ's conclusion that physicians did not met or interview Arnold related only to the agency physicians, Dr. Kossman and Dr. Gibson.  *See id.* at 21.  As explained in the ALJ's decision, Dr. Clemmons and Dr. Yates both conducted consultative examinations.  *Id.* at 20-21.  Thus, the undersigned finds that the ALJ's finding was not in error because he was referring only to Dr. Kossman and Dr. Gibson when he stated that the physicians had never examined, met, or interviewed Arnold.

   In her memorandum, Arnold relies almost exclusively on 2013 radiological examination reports, which she asserts support a finding of greater limitations.  Assuming *arguendo* that the 2013 radiological examination provide evidence of greater limitations, there still remains substantial medical evidence supporting the ALJ's conclusion that Arnold is capable of performing light work.  Specifically, the ALJ relied on Dr. Clemmons and Dr. Yates, as well as the absence of medical treatment, to support this conclusion.  Although the record might contain

5

other conflicting evidence, such as the 2013 reports, it is the ALJ's function to weigh the evidence. This Court may not re-weigh the medical evidence.

The ALJ gave extensive consideration to the 2013 report in his decision. Doc. [8] at 18. The 2013 report consists of three pages and does not provide any significant evidence regarding Arnold's limitations. *Id.* at 284-86. With respect to the thoracic spine, the report found, among other things, "[p]ostsurgical changes with no acute complications identified". *Id.* at 284. With respect to the lumbar spine there was "no acute radiographic abnormality." *Id.* at 285. Nothing within the 2013 reports would support a finding of greater limitations than those attributed by the ALJ. In fact, the reports offer no opinion whatsoever on Arnold's functional limitations. Rather, the 2013 report simply constitutes additional medical evidence, which was properly considered and weighed by the ALJ.

Arnold also argues that the ALJ failed to conduct a function-by-function analysis as required by SSR 96-8p. Contrary to Arnold's assertions, the ALJ considered Arnold's functional limitations within the context of the medical evidence. He outlined in detail the findings of Dr. Clemmons and Dr. Yates, who both reported on Arnold's physical abilities, including her ability to carry out daily tasks, to walk, to lift, and the results of various clinical tests as they related to her ability to walk, stand, sit, lift, and carry. Dr. Clemmons opined that Arnold had normal range of motion of the spine and lower extremities and no functional limitations in the area of sitting, walking, lifting, carrying, seeing, hearing or speaking. Dr. Yates also opined that Arnold has fairly good range of motion in her back, walks with a normal gait, and would not have much limitation in the use of her back and should be able to walk, stand, or sit without much difficulty. Based on the foregoing, the undersigned finds that the ALJ conducted an adequate analysis of

Arnold's functional limitations.

**(2) Past Relevant Work**

Arnold argues that the ALJ erred in finding that she is capable of performing her past relevant work as switchboard operator, office manager, and clerk.  Arnold asserts that if the ALJ had correctly determined that she did not have the RFC to perform light work, then the ALJ would have found her to be disabled.  Arnold further asserts that the ALJ relied on the wrong hypothetical when considering the vocational expert's testimony.  She argues that the ALJ should have relied on the second hypothetical presented to the vocational expert, which assumed an individual who is not capable of working 40 hours a week on a regular and continuing basis.

Arnold's argument with respect to past relevant work relies on a counter-factual.  She asserts that if the ALJ had correctly found that Arnold was not capable of performing light work, then the ALJ would have found Arnold to be disabled.  Similarly, she asserts that if the ALJ had found that she did not have the RFC to perform light work, then the ALJ would have relied on the second hypothetical presented to the vocational expert.  In fact the ALJ found the opposite.  He found that Arnold *is* capable of performing light work.  As reflected in the discussion earlier, the ALJ's finding that Arnold is capable of performing light work is supported by substantial evidence.  Therefore, it was appropriate for the ALJ to rely on the first hypothetical, which assumed an individual who is capable of performing a full range of light work.

The ALJ's decision that Arnold is capable of performing her past relevant work is supported by substantial evidence.  Specifically, the ALJ relied on the testimony of a vocational expert who opined that an individual of Arnold's age, education, vocational history, and physical limitations would be capable of performing work as a switchboard operator, office manager, and

clerk.  Doc. [8] at 21.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Commissioner's [10] Motion to Affirm the Commissioner's Decision by GRANTED

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 1st day of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE